```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-21258-CIV-SEITZ
                                    MAGISTRATE JUDGE P. A. WHITE
```

THEODORE WITHERSPOON,            :

     Plaintiff,              :

v.                               :      PRELIMINARY REPORT
                                                 OF MAGISTRATE JUDGE
MARCUS DANIEL JIMINEZ,           :
ET AL.,
                                 :
     Defendants.
_____  :

## I.  Introduction

The plaintiff Theodore Witherspoon, currently incarcerated at the Federal Correctional Complex in Coleman, Florida, has filed a <u>pro se</u> civil rights complaint for damages and other relief, pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)("<u>Bivens</u>")[1]. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 5].

---

[1] The plaintiff filed this civil action on a standard form for 42 U.S.C. §1983 complaints. Jurisdiction for this case cannot be based on 42 U.S.C. §1983, as that statute provides a mechanism to raise constitutional claims against <u>state</u>, not federal, actors. The defendants in this case are <u>federal</u> actors. Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In <u>Bivens</u>, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of <u>Bivens</u> was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." <u>Dean v. Gladney</u>, 621 F.2d 1331, 1336 (5 Cir. 1980), <u>cert. denied</u> <u>sub nom.</u> <u>Dean v. County of Brazoria</u>, 450 U.S. 983 (1981).

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *  *  *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *  *  *
>
> (B) the action or appeal –
>
> *  *  *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."   <u>Neitzke v.</u>

Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff names the following defendants:

1.   United States Attorney Marcos Daniel Jimenez
2.   Assistant United States Attorney Roger Powell
3.   United States Parole Officer F. Lestmeister
4.   United States Parole Officer Michael H. Berg
5.   Honorable William P. Dimitrouleas

This case concerns the criminal trial held before the Honorable William P. Dimitrouleas from May 25 to June 8, 2005 (Case No. 0:05-CR-60022-Dimitrouleas). The plaintiff alleges that Powell, the prosecuting attorney, maliciously presented false evidence that the plaintiff was a convicted felon in possession of a firearm, which resulted in a conviction on that and all other counts. Judge Dimitrouleas pronounced sentence on August 25, 2005 and the plaintiff appealed. The plaintiff states that on April 11, 2007 the United States District Court for the Eleventh Circuit reversed the two firearms convictions and remanded for resentencing. On July 9, 2007 Judge Dimitrouleas entered an amended sentence. The plaintiff claims that the defendants "were objectively unreasonable and knew that the evidence [was] insufficient to sustain a conviction for [the firearm offenses]." He seeks monetary damages.

4

<u>Malicious Prosecution Claim</u>

Liberally construed, the plaintiff has submitted sufficient facts so that a claim of malicious prosecution against AUSA Powell should proceed beyond this initial screening.[2]  A malicious prosecution claim includes the following elements: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." <u>Wood v. Kesler</u>, 323 F.3d 872, 882 (11 Cir. 2003)(citing <u>Uboh v. Reno</u>, 141 F.3d 1000, 1004 (11 Cir. 1998)). These elements are essentially the same as those required under Florida law to make out a state claim of malicious prosecution. <u>E.g.</u>, <u>Endacott v. Int'l Hospitality, Inc.</u>, 910 So.2d 915, 920 (Fla. 3d DCA 2005); <u>Durkin v. Davis</u>, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002).  Although it appears that it will be difficult for the plaintiff to show the absence of probable cause, such a determination cannot be made at this stage of the proceedings.

<u>Honorable William P. Dimitrouleas</u>

The Supreme Court has recognized that "few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967). Judicial immunity applies when (1) "the judge deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act "in the 'clear absence of all jurisdiction."' <u>Dykes v. Hosemann</u>,

---

[2] Although the Complaint raises various labels to describe the defendants' conduct, such as false imprisonment, negligence, denial of fair trial, Eighth Amendment claims, false publicity and libel, the Complaint should be liberally construed to raise Fourth Amendment claims.

5

776 F.2d 942, 945 (11 Cir. 1985) (en banc) (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)).  "This immunity applies even when the judge is accused of acting maliciously and corruptly." Pierson, 386 U.S. at 554.

Whether an act is done within a judge's judicial capacity is determined by "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles v. Waco, 502 U.S. 9, 11 (1991).  As to the second requirement, a judge does not act in the "clear absence of all jurisdiction" when he or she acts erroneously, maliciously, or in excess of his authority, but rather when he or she acts without subject matter jurisdiction.  Dykes, supra at 947-48.

Judge Dimitrouleas is entitled to absolute judicial immunity. The first requirement for immunity is met because presiding over a criminal trial is obviously a function normally performed by a judge.  The second requirement is met because the U.S. District Court had subject matter jurisdiction.  See Dykes, 776 F.2d at 943 (holding that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability").

## Remaining Defendants

The plaintiff has raised no allegations of wrongdoing against Jimenez, Lesmeister or Berg and these defendants should be dismissed as parties to this civil action.

## III.   Recommendation

Based on the foregoing, it is recommended that:

1. The Complaint proceed against AUSA Roger Powell in his individual capacity.

2. The remaining defendants be dismissed as parties to this civil action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 17th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Theodore Witherspoon, <u>Pro Se</u>
   No. 57114-004
   FCC - Coleman II
   P. O. Box 1031
   Coleman, FL 33521-1031